UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal A. Al-Haqq, # 126806, ) | C/A No.: 2:14-08-JFA-WWD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Major Walter Worrick; ) | |
| Ernest Rome, DHO; ) | |
| Ms. V. Jones, Inmate Representative; ) | |
| Ms. Marilyn Smart, Grievance Coordinator; ) | |
| Ms. C. Smith, Caseworker; ) | |
| Ms. Edith Wetherbee, DHO Recorder; and ) | |
| Cpl. Marvin Bryant, ) | |
| in their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This civil rights action, brought pursuant to 42 U.S.C. § 1983[1], filed by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendants' motion to dismiss the complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC.

The Plaintiff, Bilal A. Al-Haqq, #126806, (Al-Haqq), filed this action on January 2, 2014, against seven (7) employees of the Allendale Correctional Institution (ACI) a

---

[1] Section 1983, titled a "Civil Action for Deprivation of Rights," reads in relevant portion:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

facility of the South Carolina Department of Corrections (SCDC), in their official and individual capacities. Al-Haqq alleged violations of his Fifth, Eighth, and Fourteenth Amendment rights. The parties except "Caseworker C. Smith" were served and the instant motion (Dkt. 20) was filed on May 21, 2014. On the same day, Al-Haqq was provided a <u>Roseboro</u> order advising him of the importance of such motions and of the need for him to file an adequate response. He moved for an extension of time to oppose the motion to dismiss, which was granted on June 25, 2014. Al-Haqq responded with a memorandum in opposition to the motion on August 21, 2014. Hence, it appears consideration of the motion is appropriate.

In his verified complaint, Plaintiff claims that on July 12, 2013, he was wrongfully charged with "refusal to obey orders." Plaintiff alleges he was charged because he was told to stop kicking on a door, however, he maintains that "at no time did [he] kick on [his] cell door." Plaintiff also claims there is no rule that disallows cell door kicking. According to the Plaintiff, he was not given any order to stop kicking the door, but was sprayed in the face with tear gas by Defendant Bryant out of retaliation for filing a grievance and for reporting this Defendant's alleged illegal activities.

Plaintiff was charged with refusing to obey a direct order for which he was found guilty, and given 60 days of disciplinary detention. He challenges the lack of evidence that was presented at his hearing, and claims the Disciplinary Hearing Officer (DHO), Defendant Ernest Rome, wrongly found him guilty "based on a false statement" of Defendant Officer Ford. Defendant Representative Valerie Jones did not interview potential witnesses and failed to call Al-Haqq's roommate to testify at the hearing to rebut Ford's allegedly false statement. Defendant Recorder Edith Wetherbee refused

to provide Al-Haqq a transcript of the recording of the hearing.

Al-Haqq claims he attempted to grieve the incidents, but the grievance was sent back unprocessed by Defendant Smart, and the grievance was sent to Department of Investigations (DOI).   Al-Haqq filed another grievance on August 3, 2013. (ACI-0677-13).  While Plaintiff did not append the grievances to his complaint, he did append a copy of a decision by the S.C. Administrative Law Court (ALC) dated November 6, 2013, which decision indicated that Al-Haqq "appeals from the decision in his Step 2 Grievance which affirmed his conviction for Refusing or Failing to Obey Orders (8.25) SCDC Policy OP-22.14, Inmate Disciplinary System."  Al-Haqq indicated that the ALC decision was the final agency determination of ACI-0677-13, rendering his claims presented here administratively exhausted.

Plaintiff claims that inmates who went to Segregated Management Unit (SMU) with him for the same charge have already been placed back in the general population, but he has been told he is being held because he refuses "to drop a lawsuit."  He claims that Defendant Jenkins told him that "when [he] stop[s] all this mess that [he'll] be released."  Plaintiff states he has been in SMU for ten (10) months.

Plaintiff seeks a declaratory judgment, an injunction, release from disciplinary detention, removal of  the false charges from his record, compensatory and punitive damages, a jury trial, costs, and other relief the court deems just, proper, and equitable.

The Defendants filed a motion to dismiss on the grounds that claims against them in their official capacities are not authorized; that the Plaintiff failed to exhaust his administrative remedies; that the Plaintiff has failed to state a claim for which relief may be granted; and that the request for injunctive relief is not properly asserted.

## Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what... the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. American Honda Motor Co. Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 569).  Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. See De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)).

In addition, pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Consequently, a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  The

4

requirement of a liberal construction does not mean, however, that the court can ignore a pro se Plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. See United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012). Moreover, a court may not construct the Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), and a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

## Discussion

A review of the record and relevant case law reveals that the Defendant's motion should be granted in part and denied in part.

First, under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust all of his administrative remedies before bringing suit under §1983 or any other Federal law. 42 U.S.C. §1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." See Booth v. Churner, 532 U.S. 731, 740-41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). To satisfy this requirement, a Plaintiff must avail himself of every level of available administrative review. See generally id.

It appears that Al-Haqq's claims against the Defendants should not be dismissed

for failure to comply with the exhaustion requirement of the PLRA, based upon the order of the Administrative Law Judge which dealt with "the decision in his Step 2 Grievance which affirmed his conviction for Refusing or Failing to Obey Orders (8.25) SCDC Policy OP-22.14, Inmate Disciplinary System." The ALC has subject matter jurisdiction under the Administrative Procedures Act to hear *properly perfected* appeals from the SCDC's final orders in administrative or non-collateral matters. Howard v. S.C. Dep't of Corr., 399 S.C. 618, 733 S.E.2d 211 (2012); Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004). As such, it appears that some grievance related to the alleged acts of the Defendants did result in a final denial from the SCDC, permitting suit here. Defendants must develop the facts related to the exhaustion requirement of the PLRA in order to bear their burden of proof on PLRA grounds.

Second, the Plaintiff's §1983 claims are asserted against the Defendants in their individual and official capacities. A claim pursuant to §1983 does not, however, provide a federal forum for litigants seeking to recover against a State or State officials, in their official capacities, for alleged deprivation of civil liberties. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). Moreover, neither a state nor an employee of a state, in the employee's official capacity, are considered "persons" under §1983. Id. at 71, 109 S.Ct. at 2312. In addition, the Eleventh Amendment bars suits in Federal Courts against States as well as their officers and employees in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347 (1974). The Defendants are employed by the SCDC, an agency of the State of South Carolina. Accordingly, the Plaintiff may not maintain an action in federal court against the Defendants in their official capacities, and the claims against them in that capacity should be dismissed.

Third, it appears that all Defendants save Corporal Bryant, should be dismissed from the action as none of the Plaintiff's allegations against them rise to the level of an actionable constitutional tort.

The Plaintiff alleges that Defendant Rome, as the disciplinary officer, found him guilty of a false charge, but does not allege that Rome believed the charges to be false, and does not otherwise make a colorable claim against Rome for a violation of the Plaintiff's constitutional rights. Due process in prison discipline decisions requires only "some" evidence to show that the prisoner committed the offense. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). This standard is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board," and it "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56 (emphasis added). Defendant Rome should be dismissed.

Likewise, the Plaintiff's only contention against Defendant Wetherbee is that she has not provided him with a transcript of the recording of the disciplinary hearing, which contention is not cognizable where Plaintiff did not lose good time credits, as here. See, e.g., King v. Hilton, 525 F. Supp. 1192 (D.N.J. 1981); Kelly v. Cooper, 502 F. Supp. 1371 (E.D. Va. 1980); U.S. ex rel. Jones v. Rundle, 358 F.Supp. 939 (E.D. Pa. 1973). The Plaintiff was simply not entitled to a transcript of any tape recording of the hearing.

The Plaintiff also contends that Defendant Smart returned grievances relating to Corporal Bryant unprocessed. With respect to civil rights actions, it has been uniformly held that the mere existence of a prison grievance procedure confers no liberty interest entitled to due process protection. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir.

1994), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995). Plaintiff has not stated a constitutional claim and Defendant Smart's motion should be granted.

The Plaintiff alleges in a wholly conclusory manner only that Defendant Worrock "knew" Defendant Bryant was retaliating against him. Standing alone this simply does not state a federal constitutional claim.

The Plaintiff complains of the actions of his representative, Defendant Jones, at the disciplinary hearing. An inmate, however, has no right to retained or appointed counsel in a disciplinary hearing. Baxter v. Palmigiano, 425 U.S. 308, 314-15, 96 S.Ct. 1551, 1556 (1976). Therefore, an inmate has no right to assert a claim of this nature against his representative. See Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989). Consequently, the Plaintiff has no claim against Defendant Jones, his inmate representative, for a violation of constitutional due process guarantees.

Fourth, within his prayer for relief, the Plaintiff seeks "a preliminary and permanent injunction ordering Defendants to cease from retaliating against [him] and release [him] to the general population, and remove [the] false charge from [his] record." The Plaintiff notified the court that he had been released from the SMU on March 13, 2014, and was transferred from Allendale Correctional Institution to Ridgeland Correctional Institution on May 15, 2014, where he remains incarcerated. Therefore, that portion of the equitable relief he sought is moot. See, e.g., Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248-49 (4th Cir. 2005).

## Conclusion

Accordingly, for the aforementioned reasons, it is recommended that the Defendants' motion to dismiss (Dkt. 20) be granted in part and denied in part. All Defendants in this action except Corporal Marvin Bryant should be dismissed. The action should continue as to Defendant Bryant in his individual capacity only.

IT IS SO RECOMMENDED

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 3, 2014

Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).