UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bilal A. Al-Haqq, #126806, | ) | C/A No.  2:14-08-JFA-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Major Walter Worrick; Ernest Rome, DHO; | ) | |
| Ms. V. Jones, Inmate Representative; Ms. | ) | |
| Marilyn Smart, Grievance Coordinator; Ms. C. | ) | |
| Smith, Caseworker; Ms. Edith Wetherbee, | ) | |
| DHO Recorder; and Cpl. Marvin Bryant, in | ) | |
| their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Bilal A. Al-Haqq, brings this action pursuant to 42 U.S.C. § 1983

raising various allegations that his constitutional and statutory rights have been violated in

connection with a prison disciplinary hearing.  He seeks injunctive relief and monetary

damages.

The Magistrate Judge[1] assigned to this action has prepared a thorough Report and

Recommendation wherein he suggests that defendants' motion to dismiss should be granted

in part.  The Report sets forth in detail the relevant facts and standards of law on this matter,

and the court incorporates such without a recitation.

_____

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local
Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation
has no presumptive weight, and the responsibility to make a final determination remains with the court.
*Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those
portions of the Report to which specific objection is made and the court may accept, reject, or modify, in
whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate
Judge with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. The plaintiff responded to the motion after being granted an extension of time.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was docketed on September 3, 2014. However, the plaintiff has not filed objections and the time in which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The defendants have moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that the claims against them in their official capacities are not authorized; that the plaintiff has failed to exhaust his administrative remedies; that the plaintiff has failed to state a claim for which relief may be granted; and that the request for injunctive relief is not properly asserted.

The Magistrate Judge opines that the motion to dismiss should be granted in part and denied in part. First, the Magistrate Judge suggests that some grievances were exhausted under the Prison Litigation Reform Act (PLRA) so that the claims may not be dismissed on that basis.

Next, the Magistrate Judge opines that under the Eleventh Amendment, the plaintiff may not maintain an action in federal court against the defendants in their official capacities. As such, the claims against the defendants in their official capacities should be dismissed.

The Magistrate Judge next suggests that only the claims against defendant Corporal Marvin Bryant rise to the level of an actionable tort, thus the remaining defendants should be dismissed.

Finally, the Magistrate Judge opines that the plaintiff's request for injunctive relief is now moot as he has been transferred to another correctional institution.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court find the Magistrate Judge's Report proper and adopts and incorporates it herein by reference.

Accordingly, the defendants' motion to dismiss (ECF No. 20) is granted in part. All defendants in this action, with the exception of defendant Corporal Marvin Bryant, are dismissed. The Clerk is directed to refer this matter back to the Magistrate Judge so that the action may continue as to defendant Bryant in his individual capacity only.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 30, 2014
Columbia, South Carolina

3