UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal A. Al-Haqq, # 126806, | C/A No.: 2:14-08-JFA-WWD |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Major Walter Worrick;<br>Ernest Rome, DHO;<br>Ms. V. Jones, Inmate Representative;<br>Ms. Marilyn Smart, Grievance Coordinator;<br>Ms. C. Smith, Caseworker;<br>Ms. Edith Wetherbee, DHO Recorder; and<br>Cpl. Marvin Bryant,<br>in their individual and official capacities, | |
| Defendants. | |

This civil rights action, brought pursuant to 42 U.S.C. § 1983,[1] filed by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendant Cpl. Marvin Bryant's motion for summary judgment under FED. R. CIV. P. 56(c). 28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC.

The Plaintiff, Bilal A. Al-Haqq, #126806, (Al-Haqq), filed this action on January 2, 2014, against seven (7) employees of the Allendale Correctional Institution (ACI), a

---

[1] Section 1983, titled a "Civil Action for Deprivation of Rights," reads in relevant portion:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

facility of the South Carolina Department of Corrections (SCDC), in their official and individual capacities. Al-Haqq alleged violations of his Fifth, Eighth, and Fourteenth Amendment rights. The parties except "Caseworker C. Smith" were served and all Defendants except Cpl. Marvin Bryant were dismissed from the action by order of the Honorable Joseph F. Anderson on September 30, 2014. (Dkt. 44). Defendant Bryant remains in the action in his individual capacity and for Al-Haqq's prayer for damages only.

The instant motion with the affidavit of Defendant Bryant (Dkt. 41) was filed on September 12, 2014. On September 15, 2014, Al-Haqq was provided an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) advising him of the importance of such motions and of the need for him to file an adequate response. He filed his opposition to the motion with exhibits on October 22, 2014. Hence, it appears consideration of the motion is appropriate.

## Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides, *inter alia*,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> **(A)** citing to ***particular parts*** of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1) (emphasis added).

In ruling on a motion for summary judgment, a court must view the evidence in

the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir.1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must set forth specific facts demonstrating a genuine issue for trial. FED.R.CIV.P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson, 477 U.S. at 252; Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir.1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249 (quoting First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). "Mere unsupported speculation ... is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir.1995). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. Anderson, 477 U.S. at 248.

The court "need consider only the cited materials." FED. R. CIV. P. 56(c)(3). A Plaintiff's vague reference to the record simply does not set forth a genuine issue of material fact. See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and citation omitted)); United Slates v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir. 2010) ("[S]aying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact, and it was not the district court's job to sift

through the record and make [the party's] case for him."); Holland v. Sam's Club, 487 F.3d 641, 644 (8th Cir. 2007) ("[T]he district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim, rather the nonmoving party must designate the specific genuine issues of material fact that preclude summary judgment." (internal quotation marks and citation omitted)); Chicago Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact." (internal quotation marks and citation omitted)); Amnesty Am. v. Town of West Hartford, 288 F.3d 467, 470 (2nd Cir. 2002) (Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (internal quotation marks and citation omitted)); cf. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

## Background

In his verified complaint,[2] the Plaintiff claims that on July 12, 2013, Defendant Cpl. Bryant violated his Eighth Amendment rights by using excessive force against him and wrongfully charged him with "refusal to obey orders." The Plaintiff alleges he was

---

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).

4

charged because Defendant Bryant falsely maintained that the Plaintiff refused to take his food tray from Bryant and started kicking his cell door.  Thereafter Bryant sprayed him with pepper spray directly in his face, causing him great pain.  Bryant had the water to Al-Haqq's cell turned off so that he was not able to wash the spray from his face and body.  Al-Haqq also claims that metal from the spray cannister had to be removed from his eye.  AL-Haqq also complained that another correctional officer opened his food flap to allow some fresh air into his cell after he was sprayed by Defendant Bryant, but Defendant Bryant closed the flap to prevent him from getting any air.  Al-Haqq was not allowed to wash for several days and suffered greatly as a result.

Al-Haqq maintains that "at no time did [he] kick on [his] cell door."  According to the Plaintiff, he was not given any order to stop kicking the door, but was sprayed in the face with tear gas by Defendant Bryant out of retaliation for his having filed a grievance against Bryant and for reporting this Defendant's alleged illegal activities involving smuggling drugs and tobacco into the prison and allowing prisoners to fight each other.

Plaintiff was charged with refusing to obey a direct order for which he was found guilty, and given 60 days of disciplinary detention.

In his affidavit, Defendant Bryant, on the other hand, averred  that he observed Al-Haqq kicking his cell door on July 12, 2013, and  behaving defiantly and aggressively towards correctional employees, including himself.  He ordered Al-Haqq to cease kicking the door, but Al-Haqq refused.  Bryant believed Al-Haqq's actions of kicking the door could cause injury to Al-Haqq, and furthermore, could have incited upheaval among the inmates.  He believed Al-Haqq could have caused physical damage to the door and its hinges creating a security issue;  therefore he considered Al-Haqq to

be a risk, and took actions to subdue and restrain Al-Haqq. He "discharged a short burst of chemical munitions into Al-Haqq's cell."

Bryant averred that the actions taken were not excessive, but merely were employed to the extent necessary to obtain Al-Haqq's submission and compliance to correctional employees and their orders and were not done with the malicious intention to cause a deprivation of Al-Haqq's constitutional rights or other injury. Bryant asserts that he acted in accordance with prison policy to maintain discipline and to prevent Al-Haqq from destroying SCDC property.

### Eighth Amendment Excessive Force

The Eighth Amendment prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir.2008) (citing Wilson v. Seiter, 501 U.S. 294, 298–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Thus, courts must analyze both subjective and objective components.

For the subjective component, Plaintiff must prove that Defendant Bryant used chemical munitions on him "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The Supreme Court has identified the following four factors to consider when determining whether a

6

prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Whitley, 475 U.S. at 321.

"The fact that pepper spray was used in this incident ... does not mandate that [Plaintiff's] claim go forward, as the use of mace, tear gas or pepper spray by prison officials is not a *per se* violation of a prisoner's constitutional rights when used appropriately." Townsend v. Anthony, No. 0:03–2528–RBH, 2006 WL 2076920, at 9 (D.S.C. July 24, 2006). The Fourth Circuit has observed, however, that "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Williams, 77 F.3d at 763 (internal quotation marks omitted).

## Qualified Immunity

Defendant Bryant has moved for judgment as a matter of law on the sole ground that he enjoys qualified immunity because his actions were objectively reasonable and were not done with the malicious intention to cause a deprivation of Al-Haqq's constitutional rights or other injury.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard that the court is to follow in determining whether a Defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from

7

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the Plaintiff, show that the Defendant's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. Id. at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." Parrish v. Cleveland, 372 F.3d 294, 301 (4th Cir.2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." Id. (citations and internal quotation omitted).

### Discussion

A review of the record and relevant case law reveals that the Defendant's motion should be denied. On the state of the present record, and taken in the light most favorable to the Plaintiff, the facts, in brief, are as follows. Plaintiff was in his cell and not doing anything wrong; he was not kicking his cell door. Defendant Bryant did not give a directive to the Plaintiff to do or stop doing anything; Defendant Bryant sprayed the Plaintiff directly in the face with a chemical agent, causing the Plaintiff great pain,

and prevented him from getting fresh air or washing off the chemical agent off his body.

As previously reviewed, Defendant Bryant's version of events is the polar opposite of the Plaintiff's version. Assessing the facts in the light most favorable to the non-moving party, these diametrically opposed positions create a genuine issue of material fact to be decided by a fact-finder as to whether the force applied by Defendant Bryant was done "maliciously and sadistically for the very purpose of causing harm." <u>Whitley</u>, supra, 475 U.S. at 320–21. In addition, this evidentiary conflict is fatal to the Defendant's claim of entitlement to qualified immunity.

## Conclusion

Accordingly, for the aforementioned reasons, it is recommended that the Defendants' motion to for summary judgment be denied. The action should continue as to Defendant Bryant in his individual capacity.

IT IS SO RECOMMENDED

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 30, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).